# COMMON PLEAS COURT

## No. 203

### HUGHES-KEENAN CO. et v. NEW AMST. CAS. CO.

Richland Common Pleas

Decided Jan. 30, 1926

1139. SURETY COMPANIES—Fact that clerk of Board of Education failed to certify that sufficient money remained in treasury in respect to contract calling for building of public school house, does not make contract with bondsmen void; and the material men have a direct action on the bond and have no concern with the validity or invalidity of the original contract.

GALBREATH, J.

These cases were instituted in the Richland Common Pleas by the Hughes-Keenan Co. and the Medal Brick and Tile Co. against the New Amsterdam Casualty Co. and the petition in each case presents a case of a direct action by a material man against the surety company in its bond for the contractor for a public building.

The petition in each case omitted any averment as to the original contract between the Board of Education and the contractor and no averments were made with respect to the validity of said contract and no reference was made as to whether the Burns' Law has been complied with, in that the clerk of the Board of Education had filed the required certificate under 5660-61 GC. The Court, upon the demurrer of the Casualty Co., held:

1. The petitions are good since the plaintiff in each case has stated a cause of action that would not require the aid of an illegal transaction (if it be presumed that the contract is void by reason of the absence of the certificate) to establish his case.

2. The bond has an independent consideration from the contract and its obligations will be enforced though indirectly connected with a presumptuably illegal transaction.

3. This suit is on the bond and not on the contract and the demurrer in each case is overruled.

Demurrer overruled.

Attorneys—C. H. Workman for Hugh-Keenan Co. et; William McWeldon for Casualty Co.; both of Mansfield.

## No. 204

### CINCINNATI (City) v. BRAND

Hamilton Common Pleas

No. 194857.

874. ORDINANCE—Providing that person shall be civilly liable to fire department where fire occurs on premises and he has failed to comply with orders in regard to keeping said premises clear of hazards, is not unconstitutional; and being made for the benefit of the public at large is not unreasonable or discriminatory.

HURLEY, J.

The city of Cincinnati in this case brought an action against Jacob Brand to recover damages for the use of the fire department in fighting a fire on his premises, by reason of the alleged violation of an ordinance which provides that the city may recover the cost and expense, as fixed by the director of public safety, for use of the fire department in a civil action where the person on whose premises the fire occurs fails to comply with the orders of the fire chief relative to the abolishing of fire hazards.

The city introduced evidence showing the cost of the oil, and gasoline used in the fire apparatus, the water used; and the expert testimony as to wear and tear on the various pieces of apparatus. Brand filed a motion to dismiss the petition on the ground that the ordinance referred to is unconstitutional and that it is unreasonable. The Common Pleas Court held:

1. A city council has a right to pass all reasonable legislation for the safety and protection of the community.

2. "It is a general rule that the violation of a duty imposed by statute or ordinance is evidence of negligence which may justify a verdict against one who has violated the same."

3. A municipality would have a right to pass an ordinance providing for and fixing of civil liability; and making it negligence to fail to comply with the ordinance requiring inspection and proper provisions to be made for the entrance of the fire department into any building in case of fire.

4. There is nothing unreasonable in this enactment since it appears on its face that it is passed for the protection of the community at large and is not discriminatory in its nature.

5. This section of the ordinance is constitutional and the motion to dismiss is overruled.

Motion overruled.

Attorneys—Frank K. Bowman and Chauncey D. Pichel for City; Hiram C. Bolsinger for Brand; all of Cincinnati.